IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CASE NO. CR417-207 |
| ) | |
| JOSEPH LAWAN GENTRY, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Defendant Joseph Lawan Gentry's Motion for Reduction of Sentence (Doc. 83), which the Government has opposed (Doc. 84). For the following reasons, Defendant's motion (Doc. 83) is **DENIED**.[1]

In August 2018, Defendant pleaded guilty to possession with intent to distribute 28 grams or more of cocaine base. (Doc. 70.) Defendant was sentenced to a total term of 188 months' imprisonment. (Doc. 78 at 2.) According to the Bureau of Prisons' ("BOP") website, Defendant is currently incarcerated at United States Penitentiary ("USP") McCreary in Pine Knot, Kentucky with a projected release date of September 9, 2030. See BOP Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited on January 13, 2021).

---

[1] To the extent Defendant also requests that the Court appoint him counsel, this request is **DENIED**. See United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009) ("[S]ince there is no statutory or constitutional right to counsel for a § 3582(c)(2) motion or hearing, the decision to appoint an attorney is left to the discretion of the district court.").

In his motion, Defendant seeks a reduction in sentence pursuant to Section 404 of the First Step Act. (Doc. 83 at 2.) The Government argues that Defendant is ineligible for relief under the First Step Act because he was sentenced after August 3, 2010, the effective date of the Fair Sentencing Act. (Doc. 84 at 2.) The Court agrees with the Government.

The First Step Act permits a district "court that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." See First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222. However, a "district court may not entertain a motion [for sentence reduction] from a defendant who already benefitted from the Fair Sentencing Act by having his sentence imposed or reduced in accordance with sections two or three of the Fair Sentencing Act." United States v. Jones, 962 F.3d 1290, 1297 (11th Cir. 2020) (internal quotations omitted).

As the Government notes, the First Step Act is only applicable to defendants sentenced before August 3, 2010, the effective date of the Fair Sentencing Act. See United States v. Foley, 798 F. App'x 534, 535 (11th Cir. 2020); (Doc. 84 at 2-3). Defendant was sentenced on November 21, 2018, well after the passage of the Fair Sentencing Act. (Doc. 77.) As a result, Defendant is ineligible for a sentence reduction under § 404 of

2

the First Step Act, and, as a result, his motion (Doc. 83) is **DENIED**.[2] See United States v. Walker, No. 20-10912-H, 2020 WL 5506392, at *1-2 (11th Cir. Aug. 25, 2020) (explaining that § 404 of First Step Act does not apply to defendants sentenced after August 3, 2010).

SO ORDERED this 22nd day of January 2021.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] In his motion, Defendant also briefly argues that his circumstances may fall under the catch-all provision of § 1B1.13 n.1(D), which would make him eligible for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Doc. 83 at 4.) Defendant's argument is misplaced. "[R]elief under Subsection (D) requires a finding from the BOP that the inmate has extraordinary circumstances that merit relief outside of those circumstances specifically enumerated in the policy." United States v. Mollica, No. 2:14-CR-329-KOB, 2020 WL 1914956, at *4 (N.D. Ala. Apr. 20, 2020); see also United States v. Willingham, No. CR113-010, 2019 WL 6733028, at *2 (S.D. Ga. Dec. 10, 2019). "[B]ecause [Defendant] does not meet the specific examples of extraordinary and compelling reasons and the Director of the BOP has not determined that circumstances outside of these examples exist to afford [him] relief," compassionate release is not justified at this time. Willingham, 2019 WL 6733028, at *2. Accordingly, to the extent Defendant seeks compassionate release under § 3582(c)(1)(A), Defendant's motion is denied.